COURT OF APPEALS
DECISION
DATED AND FILED

December 22, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No.        2019AP2125-CR**

Cir. Ct. No.  2017CF3928

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

FRANCISCO R. RUIZ, JR.,

      DEFENDANT-APPELLANT.

      APPEAL from a judgment of the circuit court for Milwaukee County: DAVID A. HANSHER, Judge. *Affirmed.*

      Before Brash, P.J., Donald and White, JJ.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

      ¶1    PER CURIAM.  Francisco R. Ruiz, Jr. appeals his judgment of conviction for armed robbery.  Ruiz argues that the testimony of a police detective

regarding information he had learned from a confidential informant was a violation of his right to confrontation, and that its admission constitutes plain error.

¶2　　Without reaching a plain error analysis, we conclude that Ruiz forfeited the right to bring this issue on appeal.　We therefore affirm.

## BACKGROUND

¶3　　In June 2017, the Milwaukee Police Department (MPD) began an investigation into the armed robbery of a gas station on West Lincoln Avenue. There were two employees working at the time of the robbery, K.F. and S.S., who saw the suspect.　K.F. described him as wearing bright red pants, a black cap with the Chicago Bulls logo, a light-colored "fluffy down type" jacket, white shoes, and a khaki-colored bandana covering his nose and mouth.　K.F. also said the suspect was wearing white gloves, and was armed with a shotgun.　S.S. described the suspect as wearing a dingy khaki-colored mask, "some type of fitted hat," a "big" khaki jacket with white gloves, and was armed with what she believed was a rifle.

¶4　　Approximately two months into the investigation, a confidential informant told detectives that "Tito" had committed the armed robbery at the gas station.　The informant told police that Tito had previously lived at 1201 W. Lincoln Avenue, was a drug addict, and was known to be armed with a shotgun or rifle.

¶5　　Detectives searched MPD records for a suspect using the nickname Tito, and discovered that Ruiz used that nickname.　Those records also showed that Ruiz had previously been arrested on drug charges, and had given 1201 W. Lincoln Avenue as his address.

¶6　　In their search for Ruiz, police went to the home of his father, who indicated that Ruiz was there.　Ruiz was taken into custody.　After obtaining consent

2

from Ruiz's father, police searched the residence. They found a tan winter parka, two pairs of basketball shoes, and a black Chicago Bulls baseball cap, although the color of the logo on this hat was different than what the police had seen on a surveillance video of the robbery. Additionally, Ruiz's father told police that approximately two months earlier, Ruiz and his girlfriend were at the father's residence and the girlfriend mentioned that Ruiz had done a "mission," which the father "understood to be a robbery."

¶7 Subsequently, police showed S.S. and K.F. a photo array that included Ruiz. S.S. identified Ruiz as the robber, specifically noting a mole on his upper right cheek that had been visible during the robbery. S.S. stated that she had also seen Ruiz in the gas station numerous times prior to the robbery. K.F. also positively identified Ruiz as the robber, noting the shape of his eyes and nose, his eyebrows, and the color of his skin. Police also showed K.F. a photograph of the jacket found at Ruiz's father's residence; K.F. identified it as the jacket worn by the robber.

¶8 Ruiz was charged with armed robbery. The matter proceeded to trial in June 2018. S.S. and K.F. both testified for the State in accordance with their previous statements to police. Additionally, both made in-court identifications of Ruiz as the person who robbed the gas station.

¶9 Detective Jason Enk also testified regarding the investigation of Ruiz. During his testimony, as Detective Enk was about to discuss the tip he had received from the confidential informant, Ruiz's counsel objected on hearsay grounds. Specifically, counsel noted that a statement by the detective that the police "obtained information about something" would be admissible, but testimony that included "names or anything else" would be hearsay.

¶10    The trial court held a sidebar discussion off the record regarding the objection. After the sidebar, the court announced that the objection was sustained, but no other information regarding the discussion during the sidebar was provided by the court or counsel. The State then continued to question Detective Enk, who explained how he received the tip from the informant that "Tito" had committed the armed robbery, and that he did not necessarily believe the tip but took steps to look into it. The detective then described his investigation, which ultimately led to identifying Ruiz as the suspect. There were no further objections regarding the detective's testimony by Ruiz's trial counsel.

¶11    The jury convicted Ruiz of armed robbery. He was sentenced to twenty-five years of imprisonment, consisting of fifteen years of initial confinement and ten years of extended supervision. This appeal follows.

## DISCUSSION

¶12    On appeal, Ruiz argues that the admission of Detective Enk's testimony regarding the information he received from the confidential informant violated his right to confrontation. He raises this issue under the plain error doctrine.

¶13    The plain error doctrine "allows appellate courts to review errors that were otherwise waived by a party's failure to object." *State v. Jorgensen*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. Plain error is "error so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time." *Id.* (citations and one set of quotation marks omitted). The error that was not objected to must be "fundamental, obvious, and substantial" to be deemed plain error, such as "where a basic constitutional right has not been extended to the accused[.]" *Id.*, ¶¶21, 23 (citations and one set of quotation marks

omitted). We "employ this doctrine sparingly." *State v. Bell*, 2018 WI 28, ¶12, 380 Wis. 2d 616, 909 N.W.2d 750.

¶14 We note that Ruiz did not file a postconviction motion raising this issue before the trial court prior to bringing it before this court on appeal. Under WIS. STAT. RULE 809.30 (2017-18),[1] a person seeking postconviction relief in a criminal case "shall file a motion for postconviction or postdisposition relief before a notice of appeal is filed unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised." RULE 809.30(2)(h). By arguing plain error— which, by definition allows this court to review errors that were "otherwise waived by a party's failure to object," *see Jorgensen*, 310 Wis. 2d 138, ¶21—Ruiz is acknowledging that the issue of whether his right to confrontation was violated has not been raised before the trial court. Therefore, according to RULE 809.30(2)(h), this issue should have first been presented in a postconviction motion.

¶15 Nevertheless, Ruiz asserts that we may address the merits of his argument pursuant to WIS. STAT. § 901.03(4), where the plain error doctrine is codified. Specifically, this statute explains that nothing in the rules regarding the review of evidentiary rulings "precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the judge." *Id.*

¶16 However, before engaging in a plain error analysis, it must be established that the alleged error could be deemed a plain error, such as where a "'basic constitutional right'" has been violated. *See Jorgensen*, 310 Wis. 2d 138,

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶21 (citations omitted). We therefore first look to whether Ruiz's right to confrontation was violated as a result of Detective Enk's testimony.

¶17 "The threshold question in examining whether a defendant's right to confrontation is violated by the admission of hearsay evidence is whether that evidence is admissible under the rules of evidence." *State v. Weed*, 2003 WI 85, ¶22, 263 Wis. 2d 434, 666 N.W.2d 485. "Only after it is established that evidence is admissible pursuant to a hearsay exception is it necessary to consider the confrontation clause." *Id.*

¶18 The State argues that Detective Enk's testimony regarding the confidential informant's information regarding "Tito" was not introduced for the truth of the matter asserted, and therefore was not hearsay. As a result, the State contends that the confrontation clause does not come into play here.

¶19 However, the record before us does not allow us to make such a determination. Ruiz's trial counsel raised an objection on hearsay grounds, just as Detective Enk was about to state that the police had received information from a confidential informant. The trial court addressed the objection off the record in a sidebar, sustained it, and then allowed the State to rephrase its question to Detective Enk. The State continued its direct examination of Detective Enk, eliciting information about the tip from the confidential informant shortly thereafter. There were no further objections by counsel during that testimony.

¶20 In short, although trial counsel's objection was sustained, we do not know the reasoning behind that ruling. Furthermore, we do not know whether there was an instruction by the trial court provided to the parties to guide the State in its line of questioning on this topic, such that trial counsel did not feel the need to object again as Detective Enk's testimony proceeded.

¶21 "[T]he purpose for which [a witness's] statement was put before the jury is generally a question of fact, not law." *Jones v. Basinger*, 635 F.3d 1030, 1042 (7th Cir. 2011). This court does not engage in fact finding. *See Lange v. LIRC*, 215 Wis. 2d 561, 572, 573 N.W.2d 856 (Ct. App. 1997). To that end, a postconviction motion filed with the trial court prior to this appeal may have been helpful in fleshing out the facts surrounding this issue. Since that did not occur, and with the record being unclear as to whether the testimony elicited after the objection was admitted as non-hearsay or under a hearsay exception, we are unable to determine whether consideration of the confrontation clause is necessary. *See Weed*, 263 Wis. 2d 434, ¶22. Thus, under these circumstances, we cannot reach a plain error analysis and, as such, the provisions of WIS. STAT. § 901.03(4), which permit us to review plain errors even though they were not previously brought before the trial court, cannot be invoked here.

¶22 We therefore return to the provisions of WIS. STAT. RULE 809.30(2)(h), which requires a defendant to file a postconviction motion unless the issue has been previously raised. Here, Ruiz's trial counsel raised an objection based on hearsay grounds before Detective Enk's specific testimony about the confidential informant's tip. After that objection was addressed and the State continued questioning Detective Enk, counsel did not object again to any information being provided in the detective's testimony.

¶23 "It is a fundamental principle of appellate review that issues must be preserved at the [trial] court. Issues that are not preserved at the [trial] court, even alleged constitutional errors, generally will not be considered on appeal." *State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. This rule of forfeiture is "not merely a technicality or a rule of convenience; it is an essential principle of the orderly administration of justice." *Id.*, ¶11. The rule "promotes

both efficiency and fairness, and 'go[es] to the heart of the common law tradition and the adversary system.'" *Id.* (citation omitted; brackets in *Huebner*).

¶24 One of the primary objectives of the forfeiture rule is to promote raising an issue through an objection at the trial court level, which "allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal." *Id.*, ¶12. This process "gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection." *Id.* "The party who raises an issue on appeal bears the burden of showing that the issue was raised before the [trial] court." *Id.*, ¶10.

¶25 In failing to preserve at trial the issue of whether his right to confrontation was violated, and again in not raising the issue in a postconviction motion to the trial court, Ruiz has not met this burden. As a result, he has forfeited a review of this issue on appeal. Accordingly, we affirm his judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.